Delores RISCH, Plaintiff,

v.

William J. HENDERSON, Postmaster General of the United States of America, Defendant.

No. 98–CV–74058–DT.

United States District Court, E.D. Michigan, Southern Division.

Oct. 12, 1999.

Paul A. Wright, Oakland, MI, for plaintiff.

Karen Gibbs, AUSA, Detroit, MI, for defendant.

## *OPINION*

DUGGAN, District Judge.

On September 21, 1998, plaintiff filed a complaint against defendant William J. Henderson, Postmaster General, to "enforce civil rights arising out of plaintiff's employment relationship with defendant . . . including but not limited to The Privacy Act of 1974, 5 U.S.C. Sec. 552a." (Compl. at ¶ 1). This matter is before the Court on plaintiff Delores Risch's "motion for partial summary judgment and other relief," and defendant's motion to dismiss, or in the alternative, motion for summary judgment.[1] A hearing was held on these motions on October 7, 1999.

### Background

Plaintiff alleges that "defendants have, since at least 1990 maintained secret records, in violation of the Privacy Act." (Compl. at ¶ 9). These records were allegedly contained in a black file cabinet in the office of the Rochester Postmaster. The records at issue were not maintained in the official personnel files of the employees.

"The records included, but were not limited to personnel records, medical records, Medical notes, doctor's notes, hospital records, sick notes with diagnosis, Employee Assistance Program memos, notes, all notes or observations put into [the] file by any supervisor, disciplinary recommendations, verbal warnings, official discussions, notes concerning discriminatory statements by employees, and the like."

---

1. Plaintiff also has pending with this Court her "renewed motion for class certification."

(Compl. at ¶ 12). Neither plaintiff nor her union officials were aware of the existence of the files. Plaintiff is currently employed as a Letter Carrier for the Rochester Hills Post Office, the same position she held when she discovered the "secret files."

### Discussion

*Summary Judgment Standard of Review*

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of informing the court of the basis for his or her motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant must demonstrate either the absence of a genuine issue of fact or the absence of evidence supporting the nonmoving party's case. *See id.* at 325, 106 S.Ct. at 2554.

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

When determining whether there is a genuine issue for trial, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *accord Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "Although [the nonmoving party] is enti-

tled to a review of the evidence in the light most favorable to him or her, the nonmoving party is required to do more than simply show that there is some 'metaphysical doubt as to the material facts.' " *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir.1994) (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356).

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting FED. R. CIV. P. 56(e)). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

*"Secret Files"*

■ Boiled down to their essence, the numerous motions filed throughout the instant case deal with one discrete issue, whether or not defendant was entitled to maintain the alleged "secret files" at issue. Plaintiff alleges that defendant violated the Privacy Act by maintaining these "secret files."

■ In order to prevail under the Privacy Act, plaintiff must prove that a violation occurred, that the violation caused "an adverse effect," which proximately caused the damage sustained, and that the defendant acted in an "intentional or willful" manner. *Johnston v. Horne*, 875 F.2d 1415, 1422 (9th Cir.1989). Plaintiff believes that the "secret files" are being maintained in violation of the Privacy Act. However, the files, and all supervisory records, are published as a system of records, entitled "Supervisors' Personnel Records," as required by the Privacy Act, at 54 Federal Register 43,652, USPS 120.190.[2]

---

**2.** Defense counsel informed the Court, at the hearing on this matter, that the records sys-

The records may be maintained at "[a]ny Postal Service facility."[3] *Id.* The publication notice in the Federal Register states:

Records consist of summaries or excerpts from the following other USPS personnel records systems: 120.036, 120.070, 120.151, 120.152, 120.153, 120.180, 120.210; as well as records of discipline. In addition copies of other Postal Service records and records originated by the supervisor may be included at the supervisor's discretion.

54·Fed.Reg. 43,652 (1989).

The types of personnel records noted in the Federal Register are as follows:

120.036 Discipline, Grievance and Appeals Records for Non–Bargaining Unit Employees .

120.070 General Personnel Folder (Official Personnel Folders and records related thereto)

120.151 Recruiting, Examining, and Appointment Records

120.152 Career Development and Training Records

120.153 Individual Performance Evaluation/Measurement

120.180 Skills Bank (Human Resources Records)

120.210 Vehicle Maintenance Personnel and Operators Records.

54 Fed.Reg. 43,652 (1989). Further, the notice provision from the Federal Register acknowledges that the records system also covers "copies of other Postal Service records" and indicates that these records may be included at the discretion of the supervisor.

Plaintiff responds that some records maintained in the "secret files," such as medical files and Employee Assistance Program files, are not included in the list categorized by the regulations, and as such, are violative of the Privacy Act. However, plaintiff ignores the provision of the Employee Labor Manual ("the Manual") that specifically references the Federal Register section permitting the maintenance of the records. The Manual provides that the following files may also be maintained:

b. *Level 2—Supervisor's Personnel Records* of discussions, letters of warning, the supervisor's copy of any official records maintained in Level 1, and any other relevant official records being maintained at the supervisor's discretion for the purpose of enabling effective management of personnel.

\* \* \* \* \* \*

Supervisor's personnel files may include such employee records as: discussions; letters of warning and other disciplinary records; copies of records filed in the OPF; copies of training and placement records; attendance records; travel records; skills bank information; estimates of potential; merit evaluations; vehicle operator's and safe driver awards records; letters of commendation; customer correspondence; and other information at the supervisor's discretion.

(Employee Labor Manual § 314.5).

. Plaintiff ignores the provisions in the Manual allowing the maintenance of any "other information at the supervisor's discretion" or other "relevant" records. (*Id.*). The Court is satisfied that records such as medical files and Employee Assistance Program files are properly maintained "for the purpose of enabling effective management of personnel."[4] (*Id.*).

tem is also noted in the Collective Bargaining Agreement between the Postal Service and its employees.

**3.** The procedures for accessing files are promulgated at 39 C.F.R. 266.6.

**4.** The Court notes that management's knowledge of medical or substance abuse problems may assist them in effective personnel management. Further, plaintiff has provided no support for her assertion that the files were referred to by supervisors for anything other than authorized business purposes. Defendant enjoys a "strong presumption" that its supervisors "acted in good faith and otherwise in accordance with [the] law." *Mark-*

Plaintiff also takes issue with "personal notes" by supervisors that have been shared amongst all supervisors, and then have made their way into the "secret files." Plaintiff claims that these "personal notes" cannot be kept without violating the Privacy Act. However, another person's witnessing of a personal note converts it to a Level 2—Supervisor's Personnel Record, and therefore it is properly maintained under the Privacy Act.[5] (Employee Labor Manual §§ 314.52, 314.55).

Plaintiff even admits in her "answer" to defendant's motion that publication of the document system in the Federal Register "implies that a supervisor can keep a copy of any record, for any period of time, on any employee for any purpose." (Pl.'s "Answer" to Def.'s Mot. at 8). While plaintiff acknowledges that the Federal Register listing implicitly allows defendant to maintain the files, she fails to recognize that the Manual *expressly* provides for their maintenance.

Plaintiff also maintains that because the "secret files" were segregated from other files, they were kept in violation of the Privacy Act. However, the Manual provides that "a separate, central file for disciplinary and/or other supervisor's personnel records may be maintained under this privacy system." (Employee Labor Manual § 314.542). Therefore, plaintiff's claim is unavailing.

Assuming, *arguendo*, that maintenance of the allegedly "secret files" was in violation of the Privacy Act, which this Court does not believe, the Court is at a loss to construe plaintiff's "damages" from the maintenance of the files. Although plaintiff claims to have suffered "extreme mental anguish and mental concern and worry," due to the maintenance of the files, she cannot recover for such "damages" under the Privacy Act. *See Hudson*

*land v. Office of Personnel Management,* 140 F.3d 1031, 1035 (Fed.Cir.1998).

**5.** Plaintiff apparently calls the "secret files" such because she believes that the files "had

*v. Reno,* 130 F.3d 1193, 1207 (6th Cir. 1997). "[A]ctual damages only mean out-of-pocket losses, not emotional distress." *Id.* at 1207 n. 11. Plaintiff has failed to demonstrate such. Hence, she cannot demonstrate the "adverse effect" necessary to support a cause of action under the Privacy Act. *See* 5 U.S.C. § 552a(g)(1)(D); *Johnston,* 875 F.2d at 1422. Accordingly, defendant's motion for summary judgment shall be granted.

### Conclusion

For the reasons set forth above, defendant's motion to dismiss, or in the alternative, motion for summary judgment shall be granted, plaintiff's "motion for partial summary judgment or other relief" shall be denied, and plaintiff's complaint shall be dismissed. Further, plaintiff's "renewed motion for class certification" shall be denied as moot.

A Judgment consistent with this Opinion shall issue forthwith.

no name." The Court notes that the files are properly characterized as "Level 2—Supervisor's Personnel Records."